[Cite as *State v. Milum*, 2018-Ohio-2966.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27810 |
| | : | |
| v. | : | Trial Court Case No. 16-CR-2149 |
| | : | |
| NATHANIEL MILUM | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 27th day of July, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

JUSTIN M. MCMULLEN, Atty. Reg. No. 0088217, 4031 Colonel Glenn Highway, Suite 413, Dayton, Ohio 45431
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Nathaniel Milum was found guilty after a jury trial in the Montgomery County Court of Common Pleas of unauthorized use of a vehicle in violation of R.C. 2913.03(B), a fifth-degree felony. Milum appeals from the trial court's judgment, claiming that his conviction was against the manifest weight of the evidence. For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} The State presented three witnesses at trial: Tajuana Tims, the owner of the vehicle; Officer Salli Jones, who took Tims's report; and Detective Kenneth Rondeau, who was assigned to the case. Their evidence established the following facts.

{¶ 3} Tims was a casual friend of Milum, whom she knew as "Batman"; Milum had grown up with Tims's son. On June 26, 2016, Tims, Milum, and two other individuals, Stevie and Calvin, were "hanging out" together and drinking beer. The group later drove in Tims's vehicle, a beige Buick LaCrosse, to an address on West Third Street. Tims testified that she asked Milum "to go get us some crack and some beer," and she gave Milum her car keys. Tims expected Milum to run the errand and come back. Milum did not return.

{¶ 4} Four days later, on June 30, 2016, Tims contacted her "car company" and the police to report her car stolen. Officer Jones responded and spoke with Tims. Tims reported to the officer that her car had been taken while she (Tims) was at a party. According to Jones, Tims stated that she (Tims) had fallen asleep and when she woke up, the vehicle was gone; a friend had advised Tims that Batman had taken the vehicle. On July 1, 2016, Detective Rondeau was assigned to the case.

{¶ 5} On July 8, 2016, the GPS in Tims's vehicle was activated, and Detective Rondeau located her LaCrosse. Rondeau went to the address where the vehicle was located, observed the vehicle in a driveway, and requested assistance from a uniformed officer; Officer Jones, by coincidence, responded to the detective's request.

{¶ 6} After Officer Jones arrived, Detective Rondeau made contact with Milum and told Milum that he was there about the car. Milum responded that he did not steal the car and that Tims had given him permission to drive it. Milum handed Rondeau the vehicle's keys as "proof" of Tims's permission. Rondeau told Milum that he would be taken to jail, and he permitted Milum to retrieve personal items from the trunk of the car.

{¶ 7} Tims went to the location where the vehicle was found and received her keys from Detective Rondeau. Tims told the detective that she had allowed Milum to use the car in the past, but she had not given Milum permission to keep the car for so long. Tims later noticed damage to a side mirror.

{¶ 8} On August 31, 2016, Milum was indicted for unauthorized use of a vehicle in violation of R.C. 2913.03(B). Milum was arrested on the indictment on July 14, 2017. The matter proceeded to a jury trial in September 2017, and the jury found Milum guilty as charged. The trial court sentenced him to 11 months in prison and ordered him to pay restitution of $125 and court costs; the trial court subsequently suspended the order to pay court costs.

{¶ 9} Milum appeals from his conviction, raising one assignment of error.

## II. Manifest Weight of the Evidence

{¶ 10} In his sole assignment of error, Milum claims that his conviction was against the manifest weight of the evidence.

{¶ 11} "[A] weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 12; *see Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 19 (" 'manifest weight of the evidence' refers to a greater amount of credible evidence and relates to persuasion"). When evaluating whether a conviction is against the manifest weight of the evidence, the appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 12} Because the trier of fact sees and hears the witnesses at trial, we must defer to the factfinder's decisions whether, and to what extent, to credit the testimony of particular witnesses. *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997). The fact that the evidence is subject to different interpretations does not render the conviction against the manifest weight of the evidence. *Wilson* at ¶ 14. A judgment of conviction should be reversed as being against the manifest weight of the evidence only in exceptional circumstances. *Martin* at 175.

{¶ 13} R.C. 2913.03(B) provides: "No person shall knowingly use or operate an aircraft, motor vehicle, motorboat, or other motor-propelled vehicle without the consent of the owner or person authorized to give consent, and either remove it from this state or

keep possession of it for more than forty-eight hours." A violation of R.C. 2913.03(B) is a felony of the fifth degree. R.C. 2913.03(D)(3).

{¶ 14} Milum claims that his conviction was against the manifest weight of the evidence, because Tims provided two different versions of how Milum came to be in possession of her vehicle. Milum does not dispute that he came into possession of Tims's automobile on June 26, 2016, and that he was found in possession of the vehicle on July 8, 2016, more than 48 hours later. However, Milum states that "[w]hat is disputed in this case is how Mr. Milum came into possession of the automobile and the scope of his permission to use the car." Milum notes that Tims had a 2011 conviction for passing bad checks, which he claims undermines her credibility.

{¶ 15} There was evidence that Tims provided two explanations for how Milum came into possession of her vehicle. At trial, Tims testified that, while at a party on West Third Street, she gave Milum permission to use her car so that he could purchase crack and beer. Tims stated that she expected Milum to return to the party with those items. Four days later, when she reported the theft of her vehicle to the police, Tims apparently told Officer Jones a different version of events. According to Officer Jones, Tims reported that, while at the party, she awoke to find her vehicle gone and a friend indicated that "Batman" had taken it. Tims was cross-examined about the discrepancy. She denied telling the police that she had fallen asleep and that a friend saw Batman take her car keys, and she testified that she had told the police that she had given Milum her keys.

{¶ 16} In reaching its verdict, the jury was free to believe all, part, or none of the testimony of each witness and to draw reasonable inferences from the evidence presented. *State v. Baker*, 2d Dist. Montgomery No. 25828, 2014-Ohio-3163, ¶ 28. It

was the province of the jury to weigh the evidence and determine whether the State had proven, beyond a reasonable doubt, that Milum had committed unauthorized use of a vehicle, as charged. Despite evidence of Tims's prior conviction and the inconsistencies in Tims's statements regarding how Milum came to possess the vehicle, the jury could have reasonably concluded that Milum possessed Tims's vehicle without permission for more than 48 hours. Specifically, the jury could have reasonably concluded that Tims's consent, if any, was limited to Milum's running an "errand" on the evening June 26, 2016, and that Milum lacked permission to retain the vehicle until July 8, 2016, when it was recovered. The jury did not lose its way in finding Milum guilty of violating R.C. 2913.03(B).

{¶ 17} Milum's assignment of error is overruled.

### III. Conclusion

{¶ 18} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Sarah E. Hutnik
Justin M. McMullen
Hon. Mary Katherine Huffman